**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RORY E. GUILLEMETTE, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting Commissioner )<br>of Social Security, in her official capacity, )<br>)<br>Defendant. ) | No. 15 C 6445<br><br>Judge Jorge L. Alonso |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's motion to dismiss the complaint (or alternatively for summary judgment in part), which is granted for the reasons explained below.

## **BACKGROUND**

Plaintiff, Rory E. Guillemette, is a 39-year-old man who was born blind. He has received Supplemental Security Income ("SSI") benefits since 1995. On December 27, 2010, the Social Security Administration ("Administration") issued plaintiff a notice informing him that he was overpaid SSI benefits in the amount of $16,102 during the period from November 2008 to October 2010, because the SSA believed that plaintiff had accumulated resources in that period that were in excess of the amount permitted under 20 C.F.R. § 416.1205 to remain eligible for SSI benefits. Plaintiff then requested a waiver of the overpayment and was denied, and filed a request for reconsideration, which was also denied. Plaintiff requested, and had, a hearing before an administrative law judge ("ALJ"), who issued a written decision on September 20, 2011, denying the waiver request. Plaintiff then filed an administrative appeal. In a letter dated

January 23, 2013, the Administration's Appeals Council notified plaintiff that it had sent his case back to an ALJ because it was unable to review the matter due to the fact that the recording upon which the ALJ based his decision could not be located.

Before a new hearing was held, plaintiff filed a second request for a waiver of the overpayment on September 9, 2013. In a letter dated September 13, 2013, the Administration informed plaintiff that it was waiving the collection of the overpayment. On September 27, 2013, the ALJ sent plaintiff a Notice of Dismissal stating that he was dismissing plaintiff's request for a hearing because "[a]nother part of Social Security made a fully favorable decision on" plaintiff's application for waiver. The ALJ also stated in the Notice that if plaintiff did not seek to set aside the dismissal within sixty dates, it would become final.

In July 2014, plaintiff authorized Associated Bank to obtain his credit report in connection with a mortgage on real property. Plaintiff was informed by "the originator" that the Administration had reported to the credit reporting agencies a debt related to the overpayment dispute as to which plaintiff had received a fully favorable decision.

In September 2014, the Administration sent plaintiff a letter stating that, upon review of plaintiff's September 9, 2013 request for waiver of overpayment, "we may be changing our decision." The letter also informed plaintiff that he had the right to have a "personal conference" with the Administration before a decision was made. The conference was held on October 3, 2014. On October 8, 2014, the Administration notified plaintiff's attorney that it had decided not to waive collection of the overpayment. Shortly thereafter, plaintiff submitted a third request for waiver of the overpayment, which the Administration deemed a request for reconsideration and denied. On December 4, 2014, plaintiff requested a hearing before an ALJ. As of July 23,

2

2015, the date plaintiff filed the complaint in the instant case against the Acting Commissioner of the Administration, a hearing had not yet been held.

Plaintiff asserts the following claims in his complaint. In Counts I and II, he brings facial and as-applied challenges to three federal regulations, 20 C.F.R. §§ 416.1487, 416.1488, and 416.1489, which permit the Administration to reopen and revise final determinations under certain conditions. Plaintiff alleges that these regulations are unconstitutional inasmuch as they give the Administration the ability "to reopen and revise favorable final determinations after a hearing with an ALJ or Appeals," which leaves plaintiff "with no finality of decision." (ECF No. 1, Compl. ¶¶ 52, 55.) In Count III, plaintiff seeks an injunction against any further attempts to recover the overpayment, and in Count IV he seeks reimbursement of "all monies paid, including monies withheld or offset." (*Id.* ¶ 62.) In Count V, plaintiff alleges that defendant violated the notice requirements of 31 U.S.C. § 3711 by failing to give him notice that his debt would be reported to the credit bureaus. Plaintiff seeks a declaratory judgment in Count VI that interprets § 3711 as preventing defendant from reporting disputed overpayments to the credit bureaus while an appeal is pending. In Count VII, plaintiff seeks an injunction directing defendant to remove the previously-reported disputed debt from his credit report.

Defendant moves to dismiss the complaint.

**DISCUSSION**

**A.     Legal Standards**

A Rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject-matter jurisdiction. "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440,

443 (7th Cir. 2009)). "A factual challenge contends that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient." *Id.* (emphasis, internal quotation marks, and citation omitted). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id*. "In contrast, a facial challenge argues that the plaintiff has not sufficiently alleged a basis of subject matter jurisdiction." *Id.* (emphasis, internal quotation marks, and citation omitted). "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.* Defendant's motion raises both kinds of challenges.

B. **Claims Related to the Reopening of Plaintiff's Favorable Waiver Determination (Counts I-IV)**

Defendant argues that plaintiff's claims in Counts I through IV are moot because, after plaintiff filed his complaint, an ALJ issued in September 2015 a "Notice of Decision Fully Favorable" concluding that plaintiff does not have to pay back the $16,102 overpayment. This contention is properly understood as a factual challenge to jurisdiction; defendant has introduced evidence outside the pleadings in an attempt to show mootness.

"Under Article III, § 2 of the United States Constitution, federal court jurisdiction is limited to 'actual, ongoing controversies.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 626 (7th Cir. 2007) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)); *see also Medlock v. Trs. of Ind. Univ.*, 683 F.3d 880, 882 (7th Cir. 2012). "'When the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome,' the case is (or the claims are) moot and must be dismissed for lack of jurisdiction." *St. John's*, 502 F.3d at 626 (brackets omitted) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The fact that

4

a plaintiff at one point may have been entitled to pursue his action makes no difference because "[i]n order to satisfy Article III's jurisdictional requirements, 'the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Id.* (brackets omitted) (quoting *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 68 n.22 (1997)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "The party asserting mootness bears the burden of persuasion." *Wis. Right to Life, Inc. v. Schober*, 366 F.3d 485, 491 (7th Cir. 2004) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Defendant's evidence demonstrates that plaintiff's overpayment dispute was fully resolved in plaintiff's favor and plaintiff was repaid in accordance with the decision. (ECF No. 18-1, Decl. of Rosemary Stricks, Ex. 1 to Def.'s Mem. Supp. Mot. Dismiss; ECF Nos. 18-9 & 18-10, Exs. 7 & 8 to Stricks Decl.) Plaintiff does not dispute these facts. He contends, however, that his claims fall within an exception to the mootness doctrine for claims that are "capable of repetition." (ECF No. 25, Pl.'s Resp. at 4-6.) For a case to remain justiciable because it is capable of repetition, plaintiff must show that there is a reasonable expectation that he would be subjected to the same action again. *See Constr. & Gen. Laborers' Local Union No. 330 v. Town of Grand Chute*, --- F.3d ----, 2016 WL 4410073, at *1 (7th Cir. Aug. 19, 2016) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Plaintiff explains that he has a pending request for waiver of a separate and distinct overpayment and that because the "facts under which" he has made this separate request are "identical to those made under" the request decided by the ALJ, it

5

is "likely [he] will be successful with the second request . . . and be subject, all over again, to the Defendant's power to repeatedly reopen and revise a decision." (Pl.'s Resp. at 5.) This argument misses the mark. Plaintiff must show that he has a reasonable expectation of being subjected to the same *action*, not the general powers, of the Administration.[1] Plaintiff's argument is based solely on speculation; he has failed to submit any evidence of such a likelihood.

Plaintiff further asserts that because the ALJ's 2015 decision did not grant him complete relief, his claims are not moot. The Court is unpersuaded. Plaintiff cites the following allegation of his complaint: "On or about July, 2014, Plaintiff authorized Associated Bank to run his credit report associated with a mortgage on real property and was informed by the originator that the [Administration] had reported a collection to the credit bureaus related to his overpayment dispute for which he received a favorable final determination." (Compl. ¶ 42.) In plaintiff's view, "[i]mplicit within this provision is that, upon information and belief of the Plaintiff, he was caused to accept a mortgage at a higher interest rate for the term of the loan due to his derogatory credit, which was wrongfully caused by the Defendant," and since the ALJ's decision did not "dispose of all damages borne by the Plaintiff," his claims are not moot. (Pl.'s Resp. at 4.) The Court disagrees that it can be reasonably inferred from paragraph 42 of the complaint that plaintiff had to take out a loan at a higher interest rate because of the Administration's debt reporting. Moreover, damages are not one of the forms of relief that plaintiff seeks in his complaint.

---

[1]Moreover, the materials submitted by defendant make it clear that it was not a final decision of an ALJ or the Appeals Council that was reopened; it was an initial determination made by the Administration.

Plaintiff also complains that the ALJ's 2015 decision was an attempt to "hijack" this case that "should be negated." (*Id.* at 2-3.) But plaintiff cites no authority for his suggestion that the administrative proceedings should have been stayed during the pendency of this action. And, as defendant points out, the Administration's continuation of the administrative-review process is consistent with the Social Security Act's requirement that parties with claims pending before the Administration must exhaust their administrative appeals before filing suit in federal court. *See* 42 U.S.C. § 405(g).

Because defendant has demonstrated that plaintiff has received full relief with respect to his challenge to the Administration's decision to reopen his request for waiver, the Court dismisses plaintiff's claims in Counts I through IV for lack of jurisdiction as moot. In light of this ruling, the Court need not reach defendant's remaining arguments for the dismissal of Counts I through IV.

## C. Claims Related to Credit Reporting (Counts V-VII)

### 1. Counts V and VI

"Article III of the Constitution limits federal judicial power to certain 'cases' and 'controversies,' and the 'irreducible constitutional minimum' of standing contains three elements." *Silha*, 807 F.3d at 172-73 (quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 559-60 (1992)). "To establish Article III standing, 'a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Id.* at 173 (quoting *Laidlaw*, 528 U.S. at 180-181). "As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing the elements of Article III standing." *Id.*

In Counts V and VI, plaintiff alleges that defendant violated the notice requirements of 31 U.S.C. § 3711 (which deals with collection of the government's claims), and he seeks declaratory relief. Defendant contends that plaintiff lacks standing to raise these claims because he has not alleged that he suffered an injury as a result of the alleged violation. This argument is properly understood as a facial challenge to jurisdiction. Plaintiff advances a single argument in response: that he has adequately pleaded damages "through increased mortgage interest," which is "directly traceable" to defendant's actions. (Pl.'s Resp. at 12.)

Plaintiff's argument does not address the wrong asserted in Counts V and VI, which is the alleged failure to give him notice that the debt would be reported. Furthermore, as discussed above, the Court is unable to reasonably infer that plaintiff paid greater interest on a loan simply from plaintiff's allegation that he was informed by a mortgage loan originator that the Administration had reported a collection to the credit bureaus. The Court agrees with defendant that plaintiff has failed to allege that he suffered an injury as a result of the defendant's reporting of a debt and that therefore, plaintiff does not have standing to sue for violation of 31 U.S.C. § 3711. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016) (stating that plaintiff could not satisfy the demands of Article III by alleging a "bare procedural violation" of the Fair Credit Reporting Act and noting that "[a] violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate."). Accordingly, the Court dismisses Counts V and VI for lack of subject-matter jurisdiction.

### 2. Count VII

As for Count VII, in which plaintiff seeks injunctive relief to remove from his credit reports the Administration's previously-reported collection, defendant argues that the Administration has notified the credit bureaus that the debt should be deleted from the bureaus' records. Defendant submits evidence that in January 2016, the Administration so informed the credit bureaus. (Stricks Decl. ¶ 17 & ECF No. 18-12, Ex. 10 to Stricks Decl.) Plaintiff does not dispute that the Administration did so, and he makes no attempt to establish that Count VII is not moot. Because defendant has shown that plaintiff received the relief sought in Count VII, the Court dismisses Count VII for lack of jurisdiction as moot.

Given the Court's rulings on the claims related to credit reporting, the Court need not discuss defendant's remaining arguments for dismissal of Counts V through VII or, in the alternative, for summary judgment.

As a final note, the Court must address the fact that plaintiff styled this case as a putative class action but did not include any particularized facts in the complaint about any SSI recipients other than himself. Plaintiff never moved for class certification, and the parties did not discuss the class issue in their briefs. Because none of plaintiff's claims are justiciable, plaintiff lacks any personal interest in representing others in this action. *See Genesis Healthcare*, 133 S. Ct. at 1529-32.

## CONCLUSION

Defendant's motion to dismiss the complaint [17] is granted, and the complaint is dismissed for lack of subject-matter jurisdiction. Civil case terminated.

**SO ORDERED.**                                **ENTERED:**   September 29, 2016

_____
**JORGE L. ALONSO**
**United States District Judge**